**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**AMY VENEMA,** an individual,

               Plaintiff,

v.

**KIMBERLY BODE**, an individual, and
**834 DESIGN & MARKETING, LLC**
a Michigan Limited Liability Company,
jointly and severally,

               Defendants.

Hon.
Case No.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L.A. § 408.411, et seq as well as to seek redress for breach of contract.

2. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages, liquidated damages and other damages for the breach of contract along with an award of attorney's fees and costs to make her whole for damages suffered.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1391.

5. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

6. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

7. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

8. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

10. Plaintiff Amy Venema is an individual who at all times relevant to this complaint resided in the County of Ottawa, state of Michigan.

11. Plaintiff worked for Defendants from September 3, 2019 to March 1, 2023.

12. Defendant sent Plaintiff home from work, after having worked over half the workday, without explanation on March 1, 2023.

13. On March 6, 2023, Plaintiff received a letter from Defendants' counsel stating that she was deemed terminated as of February 28, 2023.

14. Plaintiff has executed a consent to sue form, attached hereto as *Exhibit A*.

15. Defendant 8ThirtyFour ("8ThirtyFour") is a Michigan limited liability company whose principal place of business is located at 1365 Plainfield Ave. NE, Grand Rapids, MI, 49505 and whose resident agent is Plaintiff Amy Venema. *Exhibit B*.

16. Defendant 8ThirtyFour is a marketing and public relations firm headed by the named Plaintiff, Kimberly Bode. *See* https://8thirtyfour.com/ last visited March 27, 2023.

17. Defendant Kimberly Bode ("Bode") is an individual who at all times relevant to this complaint was the supervisor of Plaintiff and sole owner of Defendant 8ThirtyFour.

18. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## ALLEGATIONS REGARDING WAGE THEFT

19. Plaintiff worked under the title of Office Manager HR and Finance Manager for Defendants.

20. During her employment with the Defendants, Plaintiff's duties ranged from "picking up trash bags from the store to reworking our entire benefits package" as well as acting as Resident Agent for the company.

21. According to Defendants, Plaintiff was the person who they "could count on to get the job done" and "[was] pretty much the one who [kept] the whole thing afloat".

22. During her employment with the Defendants, Plaintiff worked seven days a week and for approximately 70+ hours each week.

23. During her employment with the Defendants, Plaintiff was compensated on an hourly basis as follows:

    a. 2019 - $17.00;
    b. 2020 - $17.00, $21.63;
    c. 2021 - $21.63, $24.04, $26.92;
    d. 2022 - $26.92, $36.06;
    e. 2023 - $36.06;

24. Plaintiff was not compensated for all hours worked during her employment.

25. Plaintiff was not paid her wages due on time.

26. In fact, there are several workweeks in which Plaintiff was not paid any wages at all.

27. Defendants did not compensate Plaintiff at or above the statutory minimum wage as required by law for all hours worked.

28. Defendants did not compensate Plaintiff for all hours worked in excess of forty hours in a workweek at a rate one and half times the regular rate of pay for that workweek.

## ALLEGATIONS REGARDING UNPAID LOANS

29. On top of not getting properly paid for all hours worked, Plaintiff also loaned Defendants tens of thousands of dollars since 2022.

30. In 2022, Plaintiff loaned Defendant Bode $32,000 which she immediately transferred from her personal account to the business account.

31. In 2023, Plaintiff loaned Defendant 8FourThirty a total of $19,850.68.

32. Defendants agreed to repay the loans but now refuse to acknowledge the debt.

33. The loans have not been repaid.

## ALLEGATIONS REGARDING RETALIATORY TERMINATION

34. Plaintiff complained to Defendants about her unpaid wages on several occasions prior to her termination including on her last day of employment, March 1, 2023.

35. Defendants have also attempted to use Plaintiff as a scapegoat for their own financial misdeeds, fraud and misrepresentations to their financial institutions.

36. This all began when Plaintiff started pushing Defendants to correct their finances, stick with their budget and to pay her the wages and other monetary obligations she was owed.

37. Defendants' termination letter to Plaintiff is rife with falsehoods and not so veiled threats that have impacted and damaged Plaintiff and her family even after she was wrongfully terminated.

### WILLFUL VIOLATIONS OF THE FLSA

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at all for several workweeks, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

39. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

40. Defendant Bode and Plaintiff engaged in lengthy conversations about the unpaid wages, and the dispute is on-going.

41. Defendants utilized their business structure to subvert their obligations under state and federal law.

42. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE & OVERTIME

43. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

44. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

46. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

47. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

48. Defendants failed to pay Plaintiff a minimum wage for hours worked during her entire employment.

49. As a result of the violation, Plaintiff is entitled to her unpaid outstanding minimum and overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L.A § 408.411 et seq., FAILURE TO PAY MINIMUM WAGE & OVERTIME**

50. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

51. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A § 408.411, et seq.

52. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

53. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L.A § 408.411, et seq.

54. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L.A § 408.414

55. Defendants failed to pay Plaintiff a minimum wage for hours worked during all her employment.

56. As a result of the violation, Plaintiff is entitled to her unpaid outstanding minimum and overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., RETALIATION

57. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

58. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

59. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

60. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

61. The FLSA under 29 U.S.C. § 215(a)(3) prohibits retaliation against an employee who "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

62. Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title."

63. Defendants retaliated against Plaintiff by terminating her employment after her having complained about her unpaid wages was unlawful.

64. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has incurred and continues to incur expenses, including attorneys' fees and costs.

65. As a result of this violation, Plaintiff is entitled to legal and equitable relief including exemplary, compensatory, and liquidated damages, as well as her reasonable attorneys' fees and costs.

## COUNT IV
## BREACH OF CONTRACT

66. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

67. The parties entered into a series of agreements in which Plaintiff was to provide funds to Defendants in exchange for their promise to repay the funds with interest.

68. Plaintiff provided funds as agreed on several occasions.

69. Defendants have failed to repay those funds as agreed.

70. Defendants' conduct as described in this complaint constitutes a breach of the contract between the parties.

71. Plaintiff is entitled to repayment of the funds provided to Defendants with interest.

## COUNT V
## UNJUST ENRICHMENT

72. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

73. This count is presented by way of alternative pleading if the court finds that no express contract existed between Plaintiff and Defendants.

74. The Plaintiff conferred a benefit on Defendants.

75. The Plaintiff provided funds to Defendant as detailed above.

76. The Defendant received the funds and has made use of those funds.

77. It would be inequitable to allow Defendants to retain this benefit without compensating Plaintiff for that benefit.

78. As a result, Plaintiff has suffered a loss of substantial time and money.

79. To avoid an unjust enrichment, Plaintiff should be awarded damages in the amount of unpaid funds provided to Defendants plus costs and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D.      Defendants be ordered to pay Plaintiff the outstanding balance of the funds she provided to them as described in the complaint with interest;

E.      Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

F.      Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA; and

G.      The Court grants such other and further relief as the Court may deem just or equitable.

Dated: March 28, 2023                    Respectfully Submitted,

*/s/   Robert Anthony Alvarez*    .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Amy Venema, by and through her attorneys, and hereby requests a trial by jury.                    Respectfully Submitted,

*/s/   Robert Anthony Alvarez*    .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 3/28/2023

/s/ Amy Venema

Amy Venema